**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATHANIEL SONKISS, by his Guardian,
BARBARA A. RICHSTONE,

      Plaintiff,

v.

                                              Case No. 09-CV-14754-DT

ENCOMPASS INSURANCE COMPANY,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the court is a motion to remand, filed by Plaintiff Nathaniel Sonkiss, by his Guardian, Barbara A. Richstone. Defendant Encompass Insurance Company filed a response in opposition to the motion on January 25, 2010. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

This lawsuit, as well as two prior lawsuits before this court, arises from an automobile accident which occurred on May 18, 2005. Plaintiff Nathaniel Sonkiss, by his Guardian, Barbara Richstone, seeks first party benefits under Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101. From the beginning of Plaintiff's medical treatment, the parties have disputed the amount and type of services due to Plaintiff under the No-Fault Act.

The most recent litigation was filed on March 12, 2009 in Washtenaw County Circuit Court, asserting breach of contract and seeking benefits under the No-Fault Act.

Plaintiff's state court complaint alleged damages in an amount less that $75,000. (Pl.'s Compl. ¶ 5.) Shortly after the complaint was filed, Plaintiff filed a motion to remove the case to Probate Court, arguing that the matter should have been filed in Probate Court but the clerk refused to accept the filing. (Def.'s Ex. C, ¶¶ 1, 2.) Plaintiff asserted in his motion that the amount in controversy was less that the Circuit Court monetary requirement of $25,000, and that the Probate Court and Circuit Court had concurrent jurisdiction over the matter. (Def.'s Ex. C, ¶¶ 3, 5.) Defendant opposed the motion, arguing that the matter should be dismissed. Defendant asserted that because Plaintiff claimed damages less that $25,000, the matter was within the exclusive jurisdiction of the state District Court. (Def.'s Ex. D.) The state court granted Plaintiff's motion and transferred the matter to Probate Court.[1]

On November 20, 2009, Plaintiff filed a motion for a protective order, motion to amend complaint, and a motion to compel production. (Pl.'s Ex. A.) The proposed amended complaint sought damages in excess of $25,000. (Def.'s Ex. B.) According to Defendant, the proposed amended complaint appears to seek damages in excess of $75,000. (Def.'s Mot. at 4.)

On November 25, 2009, following Plaintiff's apparent suicide attempt, the Probate Court adjudicated Plaintiff to be mentally ill and ordered involuntary psychiatric hospitalization. (Pl.'s Ex. F.)

The case was submitted to facilitation on December 4, 2009. Defendant states that it was presented with outstanding bills allegedly owed for Plaintiff's treatment which

---

[1]Defendant asserts that this order is void as a matter of law because the court lacked jurisdiction to issue any such order.

were in excess of $75,000.  (Def.'s Resp. at 3.)  Defendant removed this case to this court on December 7, 2009.

The court conducted a scheduling conference on January 4, 2010, and pursuant to the deadlines set during the conference, Plaintiff filed a motion to remand on January 7, 2010.  (*See* 1/7/10 Order.)  Defendant filed a response on January 25, 2010.

## II.  STANDARD

It is axiomatic that federal courts are courts of limited jurisdiction.  The removing defendants bear the burden of establishing federal subject matter jurisdiction.  *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-454 (6th Cir. 1996) (citing *Carson v. Dunham,* 121 U.S. 421, 425-26 (1887)).  Title 28 U.S.C. § 1332, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  Under 28 U.S.C. § 1332(a), therefore, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.[2]  "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

Removal statutes should be given strict construction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) ("'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously

---

[2]The parties agree that complete diversity exists between them.

confine their own jurisdiction to the precise limits which the [the removal] statute has defined.'" (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."). Any doubt should be resolved in favor of remand. *Brierly*, 184 F.3d at 534. To that end, the Sixth Circuit has held that "in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established." *Id.*

### III. DISCUSSION

Plaintiff makes two arguments why this case should be remanded. First, Plaintiff argues that this matter falls within the narrow probate exception to diversity jurisdiction. Second, Plaintiff argues that Defendant's removal was untimely. For the reasons discussed below, the court will reject both arguments and this matter will not be remanded.

### A. Probate Exception to Diversity Cases

In cases where subject matter jurisdiction is otherwise proper, the Supreme Court has "recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (citations omitted). The "probate exception" is based on the Judiciary Act of 1789. *Id.* "Under the so-called 'probate exception,' even when the requirements of diversity jurisdiction have been met-the parties are diverse and the amount in controversy exceeds the jurisdictional threshold, *see* 28 U.S.C. § 1332(a)(1) (2004)-a federal court

4

nonetheless lacks jurisdiction over cases involving probate matters." *Lepard v. NBD Bank, a Div. of Bank One*, 384 F.3d 232, 237 (6th Cir. 2004) (citing *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003), *Markham v. Allen*, 326 U.S. 490, 494 (1946)). "The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Lepard*, 384 F.3d at 237 (citing *Cenker v. Cenker*, 660 F. Supp. 793, 795 (E.D. Mich. 1987)).

As explained by the Supreme Court:

> It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. *Kerrich v. Bransby*, 7 Brown P.C. 437; *Barnesley v. Powel*, 1 Ves.Sen. 284; *Allen v. Macpherson*, 1 Phillips 133, 1 H.L.Cas. 191; *In re Broderick's Will, supra; Farrell v. O'Brien*, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; *Sutton v. English*, 246 U.S. 199, 205, 38 S.Ct. 254, 256, 62 L.Ed. 664. But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heris' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Markham*, 326 U.S. at 494. The Court likened the probate exception to the precedent establishing that

> while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

*Id.* (internal citations omitted).

Based on this language in *Markham*, the Supreme Court subsequently held that they comprehended "the 'interference' language in *Markham* as essentially a reiteration of the general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." *Marshall*, 547 U.S. at 311 (citations omitted). Thus,

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311-312.

"The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court." *Lepard*, 384 F.3d at 237 (quoting *McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988)). The matter before the court does not involve the annulment of a will or the administration of a decedent's estate. Nor does it involve the disposition of property that is in the custody of a state probate court. This case is nothing more and nothing less than a fairly standard breach of contract case. As such, Plaintiff does not contend that "under state law the dispute would be cognizable only by the probate court." *Lepard*, 384 F.3d at 237. Plaintiff indeed concedes that the Probate Court has "concurrent jurisdiction 'to hear and decide any contract proceeding or action by or against an estate, trust, or ward.'" (Pl.'s Mot. Br. at 9 (citing Mich. Comp. Laws § 700.22(1)(k).) Rather, Plaintiff asserts:

> Particularly here where the Defendant will attempt to use either statements recently made or the deposition testimony partially completed

6

> at a time when [Plaintiff was] obviously disturbed, suicidal and unpredictable[,] Probate Court can best decide whether this gentleman has the capacity to honesty, reliably testify and has already made adjudications that he's incompetent and mentally ill. Given the inherently Probate nature of these mental health problems and determinations, it is urged that this Court reject on diversity for the Probate exception or abstain from accepting this case where a gentleman's mental capacity is so intertwined with his ability to contribute informally or formally to these proceedings.

(Pl.'s Mot. Br. at 8-9.) Thus, Plaintiff's main argument is that Plaintiff's capacity to testify and his mental stability in general should be determined by the Probate Court "where their expertise and staff are designed to address those issues." (*Id.* at 10.)

The probate exception, however is not invoked merely when probate "issues" are involved, or when a litigant perceives the probate court can best handle a particular issue involved in the case. The test is whether the "dispute [that is, the claims] would be cognizable only by the probate court." *Lepard*, 384 F.3d at 237. Here the claim at issue, breach of contract, is not within the exclusive jurisdiction of the Probate Court. Nor, indeed, is even the tangential issue of Plaintiff's competency within the exclusive jurisdiction of the Probate Court. If this case proceeded in state court, Circuit Court would have ancillary jurisdiction with the Probate Court over "cases involving treatment of, or guardianship of, mentally ill or developmentally disabled persons under the mental health code, 1974 PA 258, MCL 330.1001 to 330.2106." Mich. Comp. Laws § 600.1021(2)(b).

"The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate . . . . But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 311-312 (citations omitted). This matter is

7

outside the confines of the probate exception, and firmly within the court's diversity jurisdiction. Accordingly, the court will not remand this case based on the probate exception.[3]

### B. Timeliness of Removal

Under 28 U.S.C. § 1446,

> "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Defendant asserts that the case did not become removable until November 20, 2009, when Plaintiff filed a motion to amend the complaint. (Def.'s Resp. at 3.) Defendant contends that the proposed amended complaint suggested that the amount in controversy was greater than $75,000. This suggestion was further bolstered by the facilitation on December 4, 2009, when Plaintiff presented bills in excess of $75,000. (*Id.*) Defendant removed three days later, on December 7, 2009.

Plaintiff argues that Defendant must have known that the amount in controversy would exceed $75,000 at an earlier date because, according to Defendant, it knew it would continue to decline to pay Plaintiff's bills. (Pl.'s Mot. Br. at 10.) Plaintiff argues that Defendant should have had the "foresight" to know that the damages would climb

---

[3] To the extent Plaintiff asks the court to voluntarily "abstain" from hearing this case, based on some unarticulated discretionary abstention theory, the court declines. Plaintiff has failed to cite any authority justifying discretionary abstention and, additionally, given the court's familiarity with the background of this case, the court deems it in the interests of justice to retain this matter in any event.

8

above the jurisdictional limit, despite Plaintiff not having knowledge of Defendant's "pending intentions." (*Id.*)  The court disagrees.  The removal statute does not focus on Defendant's "foresight" or its "pending intentions," but on the date on which it may first be ascertained, based on Plaintiff's claims, that the amount in controversy exceeds $75,000.

There is no dispute here that the amount in controversy exceeds $75,000.  Nor is there any argument that the parties are not diverse.  Plaintiff argues only that Defendant "should have known," at some earlier, unspecified date that the damages would, eventually, exceed $75,000.  However, Plaintiff had earlier pleaded, in its motion to transfer the case to Probate Court, that amount in controversy was less that the Circuit Court monetary requirement of $25,000.  (Def.'s Ex. C, ¶ 3.)  After this affirmative pleading that Plaintiff was not seeking damages above $25,000, Defendant was certainly justified in not removing until it had received "through service or otherwise, . . . a copy of an amended pleading, motion, order or other paper from which" it was ascertained that Plaintiff now sought damages in excess of $75,000.  28 U.S.C. § 1446(b).  Defendant then removed within thirty days of its notice and within one year of the commencement of Plaintiff's complaint.  Its removal was therefore timely and Plaintiff's motion to remand on this basis is denied.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Remand" [Dkt. # 7] is DENIED.

                s/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: March 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 4, 2010, by electronic and/or ordinary mail.

                s/Lisa G. Wagner
                Case Manager and Deputy Clerk
                (313) 234-5522